IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GUSTAVO ROSETTO, individually )    CIVIL NO. 09-00144 ACK-LEK
and on behalf of all others   )
similarly situated,           )
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
OAKTREE CAPITAL MANAGEMENT,   )
LLC, ET AL.,                  )
                              )
          Defendant.          )
_____ )

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR REMAND

Before this Court is Plaintiff Gustavo Rossetto's

("Plaintiff") Motion for Remand ("Motion"), filed on May 1, 2009.

Defendants Oaktree Capital Management, LLC, Kuilima Resort

Company, Turtle Bay Resort, L.L.C., TBR Property, L.L.C. and

Benchmark Hospitality, Inc. (collectively, "Defendants") filed a

memorandum in opposition on May 18, 2009, and Plaintiff filed his

reply on June 1, 2009.  The Court finds this matter suitable for

disposition without a hearing pursuant to Rule LR7.2(d)of the

Local Rules of Practice of the United States District Court for

the District of Hawai'i.  Upon careful consideration of the

Motion and supporting and opposing memoranda, and relevant legal

authority, this Court HEREBY FINDS and RECOMMENDS that

Plaintiff's Motion be GRANTED for the reasons set forth below.

## **Background**

Plaintiff was employed at the Turtle Bay Resort ("Resort") from December 5, 2003 until November 2007. [Compl. at ¶ 16.] During that time, Plaintiff worked in the Resort's banquet department as a food server serving food and beverage at various banquet and group functions held at the Resort's facilities. [Id.] At such functions, the Resort typically charged a "service charge" of fifteen to twenty percent of the total cost of the food and beverage purchased in connection with the functions. [Id. at ¶ 17.] As a food server at these functions, Plaintiff received only a portion of the "service charge" the Resort received from the function customers.

On January 27, 2009, Plaintiff, on behalf of himself and others similarly situated, filed a complaint against Defendants in the Circuit Court of the First Circuit, State of Hawaii ("Complaint"). Plaintiff alleges that since January 27, 2005, over 25 servers, porters, bartenders and other employees at the Resort ("Plaintiff Class") provided service at banquets and other food service events in which the customers were charged a "service charge." [Id. at ¶ 9.] Under Hawaii Revised Statutes section 481B-14, the Resort was required to either pay the Plaintiff Class 100% of the "service charge" or to disclose to the customers that the Resort was retaining all or a portion of the "service charge." [Id. at ¶ 17-18.] Instead, the Resort

2

neither paid the Plaintiff Class 100% of the "service charge" nor disclosed to its customers that it was retaining all or a portion of the "service charge."

Plaintiff asserts that Defendants' actions constitute unfair methods of competition in violation of Hawaii Revised Statutes section 480-2 inasmuch as violations of section 481B are deemed to be unfair methods of competition prohibited by section 480-2. [Id. at ¶ 19.] Plaintiff seeks a declaratory judgment enjoining Defendants from continuing to engage in the aforesaid conduct and for an award of the Plaintiff Class' actual damages, treble damages and reasonable attorneys' fees and costs.

Defendants removed this case on April 3, 2009. [Notice of Removal, filed April 3, 2009.] Defendants invoke federal court jurisdiction on the basis that Plaintiff's claims require interpretation of the Collective Bargaining Agreement ("CBA"), between the Resort and an employee union known as UNITE HERE! Local 5 ("Union"), and are therefore preempted by Section 301 of the Labor Management Relations Act, 28 U.S.C. section 185 ("LMRA"). Defendants also contend that removal is timely as the Complaint fails to affirmatively reveal Plaintiff's membership in the Union and the existence of the CBA, and that Defendants have otherwise not been served with any pleading or other paper that would trigger the thirty-day limitation on removal set forth in 28 U.S.C. section 1446(b).

3

In the instant Motion, Plaintiff disputes the timeliness of the removal.  The facts that gave rise to Defendants' defense of complete preemption under Section 301 of the LMRA, i.e., that Plaintiff and the Plaintiff Class were employees covered by the CBA, were known to Defendants at the time they were served the Complaint.  The Complaint was served upon all Defendants, except for Defendant Oaktree Capital Management, LLC ("Defendant Oaktree"), on February 2, 2009.  It was served upon Defendant Oaktree on March 3, 2009.  Under 28 U.S.C. section 1446(b), Defendants' removal of this case should have occurred on March 4, 2009 or April 2, 2009.  Therefore, the Notice of Removal filed on April 3, 2009, was untimely.

Plaintiff argues, in any event, that removal was improper because the federal court lacks subject matter jurisdiction over his claims.  The claims and remedies against Defendants are based wholly in state law.  Plaintiff disagrees that his claims are subject to complete preemption by Section 301 of the LMRA.  The claim does not raise any dispute governed by the CBA but instead concerns whether the Resort made proper disclosures to its customers required by Hawaii Revised Statutes section 481B-14.  That inquiry involves an interpretation of state law and not the CBA.

In their opposition to the Motion, Defendants contend that the removal was timely.  The Complaint failed to reveal the

4

existence of the CBA which governs Plaintiff's employment and therefore did not trigger the thirty-day time period for removal under 28 U.S.C. section 1446(b).  Instead, the information concerning the CBA was first discovered by Defendants in connection with their investigation of the facts underlying the Complaint, in preparation of filing their answer.  Defendants thus construe their answer to the Complaint filed on March 9, 2009, as the "first pleading" upon which they discovered the link between Plaintiff's claims and the CBA, making April 8, 2009 as the deadline to remove the case to federal court.

Defendants argue that Plaintiff's claims are preempted by Section 301 of the LMRA.  Defendants acknowledge that Plaintiff alleges only violations of state law but argue that his right to recover one-hundred percent of the service charges collected by the Resort is dependent on the CBA, which governs the collection of service charges and distribution of those charges to Union employees.  Furthermore, the CBA contains numerous other provisions concerning wages, tips, and service charges, that act to waive Plaintiff's right to maintain an action against the Resort regarding those matters.  Thus, Plaintiff's claims are preempted on the basis that their resolution will require interpretation of the CBA.

In his reply, Plaintiff largely distinguishes the cases cited by Defendants in support of their position that the federal

court has jurisdiction over his claims.  In addition, Plaintiff disagrees with Defendants' argument that their answer can be construed as the "other paper" upon which removal is predicated pursuant to 28 U.S.C. section 1446(b).  Citing a number of cases, Plaintiff argues that the general rule is that the pleading or other paper must result from the voluntary act of the plaintiff and therefore removal cannot be predicated on Defendants' own answer.

On June 1, 2009, Defendants filed their Second Notice of Removal ("Second Notice").  The Second Notice was filed in response to Plaintiff's argument, set forth in his reply memorandum, that the first Notice of Removal was "premature."  In particular, at the time of filing the Notice of Removal, Plaintiff had not provided a pleading or other paper from which Defendants could ascertain that the case was removable.  [Second Notice of Removal at 3.]  Defendants contend that their right to removal thus ripened upon the filing of Plaintiff's Motion for Remand on May 1, 2009, which revealed the existence of the CBA and Plaintiff's membership in the Union.  Accordingly, the Motion constitutes an "other paper" for purposes of triggering the thirty-day time period for removal.

On July 1, 2009, Plaintiff filed a Second Motion for Remand ("Second Motion").  The memorandum in support of the Second Motion simply incorporates by reference the instant Motion

6

and supporting memorandum, declaration and exhibits, as support for the Second Motion.

Defendants filed their opposition to the Second Motion similarly incorporating by reference the arguments made in their opposition to the instant Motion.  In addition, Defendants argue that to the extent their first Notice of Removal is deemed "premature," the Second Notice is timely based on the revelation of removal facts contained in Plaintiff's instant Motion.

In reply to the Second Motion, Plaintiff incorporates by reference his reply in support of the Motion filed on June 1, 2009 ("First Reply").  In addition, Plaintiff asserts that Defendants' characterization of his argument in the First Reply, that the Notice of Removal in the first instance was "premature," is false.  The argument made in the First Reply, and in the memorandum in support of the Motion, was that the Notice of Removal was "late," and not that it was "premature."  Because the first Notice of Removal is untimely, then the Second Notice does no better and in fact is a nullity.  Even if the first Notice of Removal is considered timely, the only remaining question for the Court is the question of federal jurisdiction.

## Discussion

Under 28 U.S.C. § 1447(c), a party may bring a motion to remand to challenge removal of an action from state court to federal court.  A state court defendant's removal of an action to

7

federal court is proper under 28 U.S.C. § 1441 as long as the
action could have originally been filed in federal court.
Section 1441 is, however, strictly construed against removal.
See Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712
n.3 (9th Cir. 1990).   The party seeking to remove the case bears
the burden of establishing the propriety of removal and the
existence of federal jurisdiction.   See Westinghouse Elec. Corp.
v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993);
Nishimoto, 903 F.2d at 712 n.3.   Courts resolve any doubts about
removal in favor of remanding the case to state court.   See
Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996)
("[F]ederal jurisdiction 'must be rejected if there is any doubt
as to the right of removal in the first instance.'" (quoting Gaus
v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992))).

I.   **Timeliness of Removal**

         Section 1446(b) of Title 28 of the U.S. Code governs
the timing of removal.   It provides:

> The notice of removal of a civil action or
> proceeding shall be filed within thirty days after
> the receipt by the defendant, through service or
> otherwise, of a copy of the initial pleading
> setting forth the claim for relief upon which such
> action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not
> removable, a notice of removal may be filed within
> thirty days after receipt by the defendant,
> through service or otherwise, of a copy of an
> amended pleading, motion, order or other paper
> from which it may first be ascertained that the
> case is one which is or has become removable,

8

> except that a case may not be removed on the basis
> of jurisdiction conferred by section 1332 of this
> title more than 1 year after commencement of the
> action.

28 U.S.C. § 1446(b).  Section 1446 therefore provides two thirty-

day periods during which a defendant may remove an action.

"[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b)

only applies if the case stated by the initial pleading is

removable on its face."  Harris v. Bankers Life and Cas. Co., 425

F.3d 689, 694 (9th Cir. 2005).  Indeed, "if no ground for removal

is evident in that pleading, the case is 'not removable' at that

stage."  Id.  If grounds for removal cannot be determined from

the face of the initial pleading, "a notice of removal may be

filed within thirty days after receipt by the defendant of a copy

of an amended pleading, motion, order or other paper from which

it may first be ascertained that the case is one which is or has

become removable."  Id. (citations and internal quotation marks

omitted).  Therefore, "notice of removability under § 1446(b) is

determined through examination of the four corners of the

applicable pleadings, not through subjective knowledge or a duty

to make further inquiry."  Id.

Defendants do not dispute that April 2, 2009, at the

latest, was the deadline to remove this action to federal court

under the first thirty-day period for removal pursuant to 28

U.S.C. section 1446(b).  Instead, Defendants claim that the first

thirty-day period does not apply because the Complaint did not

affirmatively reveal the facts necessary for removal.  More specifically, the Complaint fails to mention the existence of the CBA and that Plaintiff was a member of the Union, which provide the basis for Defendants' argument that Plaintiff's state law claims are preempted by Section 301 of the LMRA.  Therefore, the time for removal was triggered either when Defendants filed their answer to the Complaint on March 9, 2009, or, in the alternative, on May 1, 2009 upon Plaintiff's filing of the instant Motion.

This Court disagrees.  Here, the Complaint affirmatively reveals the facts necessary to Defendants' removal action:

> 8. Plaintiff ROSSETTO brings this case as a class action pursuant to Rule 23 of the Hawai`I Rules of Civil Procedure, on behalf of himself and all others who are similarly situated consisting of:
>
> > All past and present Turtle bay Resort employees who, between January 27, 2005 and the present, failed to receive 100% of service charges imposed or charged by Defendants in connection with the sales of food and/or beverage at the Turtle Bay Resort.
>
> . . .
>
> 16.  Plaintiff ROSSETTO was an employee at the Turtle bay Resort from December 2003 until his departure from said employer in November 2007. Between January 27, 2005 and November 2007 (and at other times prior to that period) Plaintiff ROSSETTO worked as a food server or waiter in the banquet department of the Resort and served food and beverages at numerous banquet and other group functions during that period.
>
> 17.  At the vast majority of the aforesaid

functions, Defendants charged the customer a 'service charge' that was calculated as a percentage of the total cost of food and beverage, typically ranging between 15% and 20%. However, Defendants failed to distribute all of the service charge to the employees who provided the service to the employees who provided the service, including Plaintiff ROSSETTO and all other members of the proposed class. Although, in most or all instances a portion of the service charge was paid to Plaintiff ROSSETTO and other employees who rendered the service, in each instance at least a portion of the service charge was retained by the Resort and/or distributed to persons who did not provide the set-up, food, beverages or cleaning services. Defendants failed to clearly disclose to customers that a portion of the service charge was not distributed to the service employees and was in fact retained by the Resort or distributed to non-service employees.

18. The foregoing conduct by the Defendants occurred on multiple occasions after January 13, 2005 and has continued up to the present. Each instance of said conduct – charging a service charge and retaining a portion thereof without clearly disclosing retention to the customer – was and is a violation of HRS Section 481B-14.

19. By virtue of their aforesaid violations of Section 481B-14, Defendants were also engaged in unfair methods of competition in violation of HRS Section 480-2, inasmuch as violations of any provision of Chapter 481B are deemed to be unfair methods of competition prohibited by HRS Section 480-2.

20. In the absence of the required disclosure to customers, all such service charges were payable in full to the employees who rendered the services, including Plaintiff ROSSETTO and other members of the proposed class.

[Compl. at ¶¶ 8, 16-20.]   The basis for Defendants' assertion

that Plaintiff's claims are governed by the CBA and thus

preempted by Section 301 of the LMRA are contained within the

four corners of the Complaint.

The lack of any specific reference to the CBA or Plaintiff's membership in the Union is of no moment.  Although Defendants are not required to make a _subjective_ inquiry in order to determine whether an action is removable, they cannot disavow themselves of _objective_ knowledge and information squarely within their possession.  The Complaint makes clear that Plaintiff and the Plaintiff Class are or were employees of the Resort between January 7, 2005 and the present.  The existence of the CBA covering Plaintiff and the Plaintiff Class is not a mysterious or elusive fact that required inquiry into Defendants' subjective knowledge.  Indeed, the existence of collective bargaining agreements and employee unions are of great significance and importance to employers such as Defendants.  Defendants needed no more notice than to be apprised that Plaintiff and the Plaintiff Class were their present or former employees.  The Complaint clearly provided such notice.

Moreover, the best indication of Defendants' objective knowledge of the CBA and Plaintiff's membership in the Union can be found in Defendants' own answer to the Complaint ("Answer") filed March 9, 2009:

> 7.  With regard to allegations contained in paragraphs 5 and 6, Defendants allege that BMC – The benchmark Management Company, Inc. dba Benchmark Hospitality International operated and managed the Hotel and was the employer of Plaintiff and the putative class members, _pursuant_

12

<u>to a Collective Bargaining Agreement, entered by a union currently known as UNITE HERE! Local 5, and ratified by its members</u>.

. . .

10.  With regard to allegations contained in paragraph 16, Defendants admit the allegations contained therein, provided, however, that Defendants affirmatively allege that Benchmark was the employer of Plaintiff and the putative class members during the timeframe referenced therein, <u>pursuant to a Collective Bargaining Agreement, entered by a union currently known as UNITE HERE! Local 5, and ratified by its members</u>.

. . .

20.  Plaintiff's claims are barred, because they are governed by an arbitration provision contained within a <u>collective bargaining agreement</u>.

[Notice of Removal, Exh. 2 (Defendants Answer to Complaint) at ¶¶ 7, 10, 20 (emphases added).][1]  Defendants' specifically acknowledge the existence of the CBA and Plaintiff's membership in the Union.  This acknowledgment is in direct response to the allegations contained in the Complaint.  No additional pleading, other paper or other information from Plaintiff prompted such acknowledgment by Defendants.  The Answer, then, objectively indicates that the allegations in the Complaint affirmatively revealed the facts and information necessary to apprise Defendants of their right to remove under 28 U.S.C. sections 1441

---

[1] Notably, Defendants filed the Answer twenty-five days prior to the expiration of the removal time period.

and 1446.  Accordingly, the removal of this case was untimely.[2]

Based on the foregoing, this Court need not address Defendants' argument that Plaintiff's claims are preempted under Section 301 of the LMRA.[3]

## II.   __Entitlement to Removal Expenses__

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c) The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  __Martin v. Franklin Capital Corp.__, 126 S. Ct. 704, 711 (2005) (citations omitted).

As set forth above, the Complaint affirmatively

---

[2] To the extent Defendants rely on the Second Notice of Removal, this Court also finds such removal untimely.

[3] Additionally, the Court notes that in an identical case in this district court, the district judge has certified a question to the Hawaii Supreme Court to determine whether employees such as Plaintiff have standing under Hawaii law to bring a claim under Hawaii Revised Statutes section 481B-14.  [__Davis, et al. v. Four Seasons Hotel, Ltd., et al.__, CV 08-00525 HG-LEK (Certified Question to the Hawaii Supreme Court from the United States District Court for the District of Hawaii in Civil no. 08-00525 HG-LEK (dkt. no. 75) filed June 2, 2009).]  In light of the pending nature of this dispositive question, the Court finds that any discussion of preemption pursuant to Section 301 of the LMRA at this time to be premature.

revealed the existence of facts and allegations necessary to Defendants' asserted grounds for removal.  Despite this fact, Defendants removed this case after the time for removal had passed.  Therefore, the Court finds that Defendants did not have an objectively reasonable basis to seek removal in this case and that an award of attorneys' fees and costs incurred in connection with the improper removal is appropriate and warranted in this case.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS that Defendants improperly removed the instant case, RECOMMENDS that Plaintiff's Motion for Remand, filed May 1, 2009, be GRANTED and that Plaintiff's Second Motion for Remand, filed July 1, 2009, be deemed moot.  The Court further RECOMMENDS an award of fees and costs under § 1447(c).  If this Court's recommendations should be adopted, then it is further RECOMMENDED that a deadline should be given for counsel to submit a declaration in conformance with Local Rules 54.2 and 54.3(d) to support Plaintiff's request for fees and costs.

IT IS SO FOUND AND RECOMMENDED.

15

DATED AT HONOLULU, HAWAII, August 28, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

GUSTAVO ROSETTO V. OAKTREE CAPITAL MANAGEMENT, LLC, ET AL; CIVIL NO. 09-00144 ACK-LEK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND