IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GUSTAVO ROSSETTO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>OAKTREE CAPITAL MANAGEMENT, LLC; KUILIMA RESORT COMPANY; TURTLE BAY RESORT HOTEL, L.L.C.; TBR PROPERTY, L.L.C.; BENCHMARK HOSPITALITY, INC.; and DOE DEFENDANTS 1-50,<br><br>      Defendants. | Civ. No. 09-0144 ACK-LEK |

**ORDER ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND TO AWARD ATTORNEYS FEES AND COSTS**

Before this Court is Defendants Oaktree Capital Management, LLC, Kuilima Resort Company, Turtle Bay Resort Hotel, L.L.C., TBR Property, L.L.C., and Benchmark Hospitality, Inc.'s (collectively, "Defendants") objection to Magistrate Judge Leslie E. Kobayashi's Findings and Recommendations to Grant Plaintiff Gustavo Rossetto's ("Plaintiff") Motion for Remand issued on August 28, 2009.

**BACKGROUND**[1]

---

[1] The facts in this Order are recited for the limited purpose of deciding the motion for a remand and shall not be construed as findings of fact upon which the parties may rely in any future proceedings in this case.

Plaintiff was employed at the Turtle Bay Resort ("Resort") from December 5, 2003 until November 2007, as a food server in the Resort's banquet department. Compl. at ¶ 16-17. At these banquets, the Resort typically charged a "service charge" of fifteen to twenty percent of the total cost of the food and beverage purchased in connection with the functions. Id. at ¶ 17.  As a food server at these functions, Plaintiff received only a portion of the "service charge" the Resort received from the function customers.  Id.

On January 27, 2009, Plaintiff, on behalf of himself and all persons similarly situated, filed a complaint against Defendants in the Circuit Court of the First Circuit, State of Hawaiʻi ("Complaint").  In the Complaint, Plaintiff alleges that under Hawaiʻi Revised Statutes section 481B-14, the Resort was required to either pay the Plaintiff Class 100% of the "service charge" or to disclose to the customers that the Resort was retaining all or a portion of the "service charge." Id. at ¶ 17-18.  Plaintiff contends that Defendants did neither of these, which constitutes unfair methods of competition in violation of Hawaiʻi  law.  Id. at ¶ 19.

This case was removed by Defendants on April 3, 2009. Notice of Removal, filed April 3, 2009.  Defendants assert that federal subject matter jurisdiction is appropriate because the case requires the Court to interpret the Collective Bargaining

Agreement ("CBA"), between the Resort and an employee union known as UNITE HERE! Local 5 ("Union"), thus preempting state law claims pursuant to Section 301 of the Labor Management Relations Act, 28 U.S.C. § 185 ("LMRA").

On May 1, 2009, Plaintiff filed a motion for remand to state court ("Motion for Remand") on the ground that removal was untimely.  Motion for Remand, filed May 1, 2009.  Both parties agree that if the Complaint provided the grounds for removal, Defendants' removal would be untimely pursuant to 28 U.S.C. § 1446(b) (2006).  Defendants contend, however, that removal was timely because the Complaint failed to affirmatively reveal Plaintiff's membership in the Union and the existence of the CBA governing the employee-employer relationship.  Accordingly, the thirty-day removal period would only be triggered by a motion or some other paper which provides the grounds for removal.  See 28 U.S.C. § 1446(b).

Plaintiff, however, contends that the facts that gave rise to Defendants' defense of complete preemption under Section 301 of the LMRA, i.e., that Plaintiff and the Plaintiff Class were employees covered by the CBA, were known to the Defendants at the time they were served the Complaint, thus making removal untimely.  In the alternative, Plaintiff asserts if the Complaint did not provide grounds for removal, then likewise no other paper subsequently has sufficed to establish such grounds.  Plaintiff

further argues that the Court lacks subject matter jurisdiction over the claims because resolution of the state law claims does not require the Court to interpret the terms of the CBA.  To dispute this, Defendants have submitted a copy of the CBA to this Court in their Memorandum in Opposition to the Motion for Remand, which Defendants argue contains several provisions concerning wages, tips, and service charges that act to waive Plaintiff's right to maintain an action against the Resort.  Memo. in Opp'n to Motion for Remand Ex. 1.

On June 1, 2009, Defendants filed their Second Notice of Removal ("Second Notice").  Defendants first argue that their answer filed on March 9, 2009 ("Answer"), served as the "other paper" triggering the thirty-day removal period.  In the alternative, Defendants contend that Plaintiff's Motion for Remand, which mentions Plaintiff's union membership and the CBA, commenced the thirty-day removal period, thus making the Second Notice both necessary and timely.

On July 1, 2009, Plaintiff filed a Second Motion for Remand ("Second Motion").  The memorandum in support of the Second Motion simply incorporates by reference the first Motion for Remand and supporting memorandum, declaration and exhibits, as support for the Second Motion.

On August 28, 2009, Magistrate Judge Leslie E. Kobayashi issued a findings and recommendation to grant

Plaintiff's motion for a remand and to award attorneys costs and fees ("8/28/09 F&R").  She concluded that the thirty-day period for removal began with the filing of the Complaint, thus making Defendants' April 4 notice of removal untimely.  8/28/2009 F&R 13-14.  She reasoned that Defendants' actual knowledge of Plaintiff's membership in a union, combined with the fact the complaint was based on Plaintiff's employment, provided sufficient notice of grounds for removal.  Id. at 10-12.  Judge Kobayashi took note that Defendants must have known of the existence of a union and CBA because Defendants' Answer contains several references to these facts.  Id. at 12-13.  Accordingly, Judge Kobayashi found that the removal period began with Defendants' receipt of the Complaint and removal on April 4, 2009, therefore was beyond the thirty-day period allotted under 28 U.S.C. § 1446(b).[2]  With regard to attorneys fees, Judge Kobayashi found that Defendants decision to file a notice of removal was not objectively reasonable, thus warranting an award of attorneys' fees and costs to Plaintiff.  Id. at 14-15.

Because of Judge Kobayashi's conclusions with regard to removal, she declined to address Defendants' preemption claim under Section 301 of LMRA.  Id. at 14.  Additionally, she

---

[2] Judge Kobayashi did not address Defendants' Second Notice of Removal filed on June 1, 2009, because Judge Kobayashi found that Defendants had objective knowledge of the CBA and therefore removal was only permitted within thirty days of receipt of the Complaint.

5

indicated that any discussion of the issue would be premature because one of the judges in this District Court has an identical case in which the issue has been certified to the Hawai'i Supreme Court.[3/]  Id.

On September 08, 2009, Defendants filed an objection to Judge Kobayashi's findings and recommendation.  On September 18, 2009, Plaintiff filed a response to the objection.

### **STANDARD OF REVIEW**

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Rule 74.2 of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  The district court may receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  It may also consider the record developed before the magistrate

---

[3/] Judge Gillmor has certified a question to the Hawai'i Supreme Court to determine whether employees such as Plaintiff have standing under Hawai'i law to bring a claim under Hawai'i Revised Statutes Section 481B-14. Davis, et al. v. Four Seasons Hotel, Ltd., et al., Civ. No. 08-00525 HG-LEK (Certified Question to the Hawai'i Supreme Court from the United States District Court of Hawaii in Civil no. 08-00525 HG-LEK (dkt. no. 75) filed June 2, 2009).  The Court notes that all further proceedings in that case, as well as in several similar cases filed in this Court, have been stayed pending a ruling on the certified question by the Hawai'i Supreme Court.

judge.  Local Rule 74.2.  The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required.  <u>United States v. Remsing</u>, 874 F.2d 614, 618 (9th Cir. 1989).  The Court finds that a hearing in this matter is neither necessary nor appropriate.  <u>See</u> Local Rule 7.2(d).

### **DISCUSSION**

This Court begins its analysis by recognizing the canon in the Ninth Circuit which instructs that "[r]emoval statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court." <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that the district court was correct in resolving doubts in favor of remand in cases not involving federal officers).  This Court reaches the same conclusions as Judge Kobayashi, but with a different analysis.

**I.   Removal**

At issue in this case is whether removal was evident from the face of the Complaint and if not, whether any additional filings by the parties permit Defendants to remove the matter to federal court.

**A.   Face of the Complaint**

Section 1446(b) of Title 28 of the U.S. Code governs the timing of removal. It provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one in which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Section 1446 provides two thirty-day periods during which a defendant may remove an action. The first thirty-day requirement "only applies if the case stated by the initial pleading is removable on its face." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (adopting a bright line rule that facts establishing grounds for removal must be included in the initial complaint in order to start the initial thirty-day period). Further, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Id. The second thirty-day requirement, which applies where no grounds for

removal are evident from the initial pleading, occurs "thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

In Harris, the Ninth Circuit rejected the duty to investigate approach, instead adopting a bright line rule that grounds for removal must be evident in the initial pleadings. See id. ("We join with the other circuits that have adopted the same approach to indeterminate pleadings-the grounds for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.") In the context of LMRA preemption, the Ninth Circuit has noted that until acknowledgment of a CBA is contained within a pleading or other paper, the thirty-day deadline for removal does not commence. See Rose v. Beverly Health and Rehab. Servs., Inc., No. 07-15039, 2008 WL 4428507 (9th Cir. 2008) (unpublished mem. decision) (holding that notice of removal was timely because the complaint did not disclose that the suit was one for breach of a CBA even though defendant had subjective knowledge of this);[4/] see also Riggs v. Continental Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988) (holding that petition for removal was timely

---

[4/] Pursuant to U.S. Ct. of App. 9th Cir. Rule 36-3, this Court does not rely on Rose as precedent, but it does find the opinion illustrative.

filed because plaintiff's complaint did not indicate that the plaintiff was a member of a union or employed pursuant to a CBA). The initial thirty-day clock does not run even where the removing party has possession of documents that provide grounds for preemption. Rose v. Beverly Health and Rehab. Servs., Inc., No. 1:06cv0067, 2006 WL 2067060 *5 (July 22, 2006) (E.D. Cal. 2006) ("Defendants had no duty to investigate whether the claims were preempted, even if Defendants were in possession of documents that may have demonstrated preemption.")

In this case, the initial thirty-day removal period never began because Plaintiff's complaint did not indicate that Plaintiff was a member of a union, or that a CBA existed governing the payment of service charges. Although it is true, as Judge Kobayashi indicates,[5] that Defendants had independent knowledge of these facts, the only relevant question is whether this information was included in the Complaint. See Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992) (holding that a court may only examine the face of the initial pleading, and may not consider other matters the defendant knew, or could have

---

[5] Specifically, Judge Kobayashi noted "The lack of any specific reference to the CBA or Plaintiff's membership in the Union is of no moment.  Although Defendants are not required to make a _subjective_ inquiry in order to determine whether an action is removable, they cannot disavow themselves of _objective_ knowledge and information squarely within their possession." 8/28/2009 F&R 12 (emphasis in original).  While some would feel this reasoning makes good common sense, nevertheless it does not comport with case law.

known through investigation); see also Jong v. General Motors Corp., 359 F. Supp. 223, 225 (N.D. Cal. 1973) ("[T]he time period to remove cannot depend on defendant's actual knowledge, because the statute expressly allows a defendant to rely on papers presented to it.")  Upon reviewing the Complaint, no such facts are included.  Accordingly, pursuant to 28 U.S.C. § 1446(b), the thirty-day period begins "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

### B. Other Filings

Defendant claims that one of two documents triggered the thirty-day removal period: (1) the Defendants' Answer; or (2) Plaintiff's Motion for Remand to state court.  The Court holds that neither of these documents satisfy 28 U.S.C. § 1446(b).

The document that triggers the thirty-day removal period cannot be one created by the defendant.  See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996) (holding that an affidavit executed by the defendant's attorney did not commence the removal period because it did not arise from a voluntary act by the plaintiff); see also Smith v. Int'l Harvester Co., 621 F. Supp. 1005, 1007 (D. Nev. 1985) (noting that answers to interrogatories or depositions by plaintiffs may

constitute "other paper" under 28 U.S.C. § 1446(b)).  Indeed, "a court must take note that the 'amended pleading, motion, order or other paper' must derive from 'either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity.'" Smith, 621 F. Supp. at 1007; see also Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000) ("[T]he 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changes circumstances which now support federal jurisdiction.")  In the Ninth Circuit, the document providing grounds for removal must be one filed in state court. Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 775 (9th Cir. 1989) ("The record of the state court is considered the sole source from which to ascertan whether a case originally not removable has since become removable.")

In this case, Defendants' answer does not provide the grounds for removal because it was not voluntarily submitted by the Plaintiff.  Further, Plaintiff's Motion for Remand does not provide the grounds for removal because the motion was filed in federal court.  As indicated in Peabody, a motion in federal court cannot trigger a right to remove to federal court.  892 F.2d at 775.  Accordingly, neither Defendants' Answer nor Plaintiff's Motion for Remand triggered commencement of the removal period.  Therefore, the Court finds that Defendants'

Second Notice of Removal filed on June 1, 2009, is improper because Defendants have not been presented a paper providing grounds for removal pursuant to 28 U.S.C. § 1446(b).

In sum, as Plaintiff argues in the alternative, Defendants' request for removal was premature rather than untimely.  The thirty-day removal period has not yet begun because Plaintiff's Complaint did not contain adequate grounds to trigger removal and no additional pleadings or papers, as defined by 28 U.S.C. § 1446(b), have provided subsequent grounds for removal.  Accordingly, the Court grants both of Plaintiff's motions for remand.

## II.  **Attorney's Fees**

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). Further, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005).  If, however, there is an objectively reasonable basis, fees should be denied. Id.  Bad faith on the part of the removing party is not required, however, as "the Ninth Circuit does not require a finding of bad faith and awards attorneys fees even where a defendant's removal was 'fairly supportable' but wrong as a matter of law." Bonilla

v. Starwood Hotels & Resorts Worldwide, Inc., 407 F. Supp. 2d 1107, 1114 (C.D. Cal. 2005) (citing Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000)).

As discussed earlier, Defendants have asserted three different grounds for removal: (1) the receipt of the Complaint, (2) Defendants' Answer, and (3) Plaintiff's Motion for Remand. The Court finds that none of these grounds was objectively reasonable.

First, as Defendants adamantly assert, the Complaint did not mention the existence of a Union or a CBA. Consistent with Defendants' arguments, it would be objectively unreasonable to believe that this document provided grounds for removal. Nevertheless, Defendants sought removal based on this document beyond the initial thirty-day period. The Court finds that the Complaint did not provide objectively reasonable grounds for removal because it did not mention a Union or a CBA, and Defendants removed beyond the initial thirty-period.

Second, upon a review of the statute and case law, Defendants would have learned that the subsequent period for removal would begin "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Such review would indicate that a defendant's own

filings, including an answer, cannot begin the second thirty-day period.  Given the plain language of the statute and the aforementioned case law in the Ninth Circuit, this Court finds Defendants' position objectively unreasonable.

Finally, Defendants' argument that Plaintiff's Motion for Remand satisfies 28 U.S.C. § 1446(b) is clearly not reasonable because the Ninth Circuit in Peabody clearly stated that the document triggering commencement of the removal must be filed in state court.  Peabody, 892 F.2d at 775.  Plaintiff's Motion for Remand is a product of Defendant's removal to federal court and thus cannot provide grounds for removal.

Therefore, the Court finds that Defendants did not have an objectively reasonable basis to seek removal in this case and that an award of attorneys' fees and costs incurred in connection with the improper removal is appropriate and warranted in this case.

### III.  Section 301 Preemption

Finally, the Court finds it need not address the issue of preemption under Section 301 of the LMRA in light of this case being remanded to state court on other grounds.

### CONCLUSION

In view of the foregoing findings, the Court adopts, as modified, Judge Kobayashi's recommendation and grants both of

15

Plaintiff's Motions for Remand and awards attorneys fees and costs.

       IT IS SO ORDERED.

       Dated:  Honolulu, Hawai'i, October 15, 2009.



                                _____
                                Alan C. Kay
                                Sr. United States District Judge

<u>Rossetto v. Oaktree Management, LLC</u>, Civ. No. 09-0144 ACK-LEK: Order Adopting, as Modified, the Magistrate Judge's Findings and Recommendation to Grant Plaintiff's Motion for Remand to State Court and to Award Attorneys' Fees and Costs